1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar No. 13644
3  PETER WALKINGSHAW
   Assistant United States Attorney
4  400 South Virginia Street, Suite 900
   Reno, Nevada  89501
5  (775) 784-5438
   Peter.Walkingshaw@usdoj.gov
6
7  *Representing the United States of America*

8  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF NEVADA**

9  UNITED STATES OF AMERICA,

10             Plaintiff,

11       v.

12  PETER LUCAS,

13             Defendant.

**FILED**

APR - 6 2020

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY _____
                    DEPUTY

3:20-MJ-0037-CLB

COMPLAINT FOR VIOLATION OF:

Title 18, United States Code, Section 669
– Theft in Connection with Health Care
(Class A Misdemeanor)

14

15       BEFORE the Honorable Carla L. Baldwin, United States Magistrate Judge, Reno,

16  Nevada, the undersigned complainant being first duly sworn states:

17                          <u>Count One</u>

18                 (Theft in Connection with Health Care)

19       Between on or about the 19th day of March, 2020 and on or about the 23rd day of

20  March, 2020, in the State and District of Nevada, the defendant, PETER LUCAS,

21  knowingly and willfully embezzled, stole, and converted without authority to his own use,

22  who was not the rightful owner, four boxes of surgical masks, the property of Ioannis A.

23  Lougaris Veterans' Administration Medical Center, a health care benefit program as defined

24

1

1    in Title 18, United States Code, Section 24(b), in violation of Title 18, United States Code,

2    Section 669.

3           Complainant as a Detective with the Veterans Affairs Police Department states there

4    is probable cause to arrest the above-named defendant as set forth in the attached affidavit.

5    / / /

6

7    / / /

8

9    / / /

10

11   / / /

12

13   / / /

14

15   / / /

16

17   / / /

18

19   / / /

20

21   / / /

22

23

24

**AFFIDAVIT IN SUPPORT OF APPLICATION**

I, Larry Lee Kidd Jr., Detective with the Veterans Affairs ("VA") Police Department being
duly sworn under the penalty of perjury, depose and state that:

1. I am a Detective employed by the Veterans Affairs Police Department ("VAPD"),
   and have been employed with the VAPD since September of 2012. I am a graduate
   of the VA Basic Police Officers Academy, the VA Investigator Course, and the
   Nevada Police Officers Standards and Training (P.O.S.T.) Academy. I am currently
   assigned to the Reno Nevada VA Medical Center. Prior to this, I was employed by
   the Lyon County (NV) Sheriff's Department for three years, and the Elko (NV)
   Police Department for 16 years. I honorably retired from the Elko Police Department
   in 2011. I am charged with the investigation of crimes committed at the Ioannis A.
   Lougaris Veterans' Administration Medical Center (the "Reno VA Medical Center")
   to include theft, embezzlement, and other crimes that have occurred within the
   jurisdiction of the VAPD. Based on my training and experience as a Detective I am
   familiar with federal criminal laws. The information contained in this affidavit is
   based upon my personal observations, investigation, and information relayed to me
   by other VA Police Officers.  The information provided in this affidavit is not all
   inclusive of the facts in this specific case, but rather, includes sufficient information
   to establish probable cause.

2. Because this affidavit is being submitted for the limited purpose of establishing
   probable cause for the issuance of a criminal complaint. I have not set forth every
   fact I learned as a result of this investigation. Rather, I have set forth only those facts

I believe necessary to establish probable cause that a violation of federal law has been committed.

3. Based on my investigation described in this affidavit, there is probable cause to believe that Peter LUCAS did commit offenses that violate federal criminal law, specifically the embezzlement of U.S. Government property from a Health Care Benefit program in violation of Title 18, United States Code, section 669. By virtue of the medical services and programs that the Reno VA Medical Center provides, it is a Health Care Benefit Program as defined in Title 18, United States Code, section 24(b). Furthermore, the Reno VA Medical Center regularly relies on interstate commerce to procure needed supplies and equipment to realize the congressional mandate of providing safe and ethical medical services to eligible veterans.

## I.     FACTS SETTING FORTH PROBABLE CAUSE

4. On March 17, 2020 The Reno VA Medical Center initiated a lock down posture in response to the Corona Virus 19 (COVID-19) pandemic. The medical center notified all employees, through emails and posted signs, access to the hospital was restricted to three specific ingress and egress points.

5. On March 23, 2020 VA Police Physical Security Specialist Chris Mock advised VA Police Sergeant Ken Catlin that he was investigating an electronic forced door alarm that occurred on March 19, 2020. Investigation of security footage revealed a white male adult, later identified as LUCAS, was entering and exiting the main entrance door of building 10. This door has been designated as non-essential and is locked until further notice. Sergeant Catlin forwarded the information to VA Police Officer

Graham Hopley for investigation. Specialist Mock further observed on the security footage LUCAS appeared to be taking property from a cart and concealing it on his person and leaving the hospital. This information was provided to Officer Hopley.

6. On March 24, 2020 your Affiant was apprised of the on-going investigation and Specialist Mock's observations. Your Affiant initiated a parallel investigation of embezzlement of government property. Your Affiant reviewed the security footage obtained from Specialist Mock. The footage shows that on March 19, 2020 and March 23, 2020, LUCAS took several boxes from a cart in his possession and concealed the boxes under his garments. Still photographs from security footage showing LUCAS taking boxes from his cart are provided for the Court's reference below:

7. Stills from security footage taken on March 19, 2020:









8. Stills from security footage taken on March 23, 2020:











9. On each occasion after concealing the boxes in his garments, LUCAS exited the building with the boxes and appeared to walk to the parking lot. LUCAS returned moments later, and it appeared LUCAS did not have the boxes in his possession.

10. On March 25, 2020 your affiant conducted an interview with LUCAS. LUCAS was advised of his rights under Miranda. LUCAS stated he understood his rights and agreed to speak to your affiant without legal counsel present. After initially denying taking any hospital property, LUCAS admitted he took four boxes of protective masks from his assigned cart. LUCAS, at first, stated he took the boxes of masks for a friend who also worked in the medical field, but would recant his previous statement and stated he took the masks to pass out to the homeless because masks are not readily available to the general public. LUCAS denied he received any compensation for the masks.

11. Your affiant met with VA Logistics Supervisor Mary Kinne in reference to this case. Kinne advised that the most common mask used at the VA hospital is the Cardinal Health mask, model #AT70021. These masks are yellow, matching the description provided by LUCAS in his interview of the masks he took. Kinne stated the VA has a shortage of masks. On January 21, 2020 the Reno VA hospital ordered 94,000 masks in response to the COVID-19 pandemic, but as of April 1, 2020 has only received 31,200 masks, and the remaining masks are on back order. Kinne stated that she does not know when the additional masks will arrive. As of April 2, 2020 the hospital has a total of 7,700 masks in stock, and Kinne estimates that the hospital uses an average of over 2000 masks in a three day period. Kinne stated the VA procures masks from a supplier in California. The masks travel in interstate commerce to arrive at the Reno VA Medical Center. After reviewing video footage of LUCAS taking the masks with Officer Hopley, Kinne expressed her opinion that LUCAS had only taken masks, and stated that the boxes contained 50 masks each.

12. Using open source research, I was able to determine that boxes of 50 surgical masks generally are currently retailing on Amazon for a mean price of approximately $15.[1] After discussing the specific brand of masks LUCAS had taken with Kinne, I conducted further open source research, and determined that boxes of Cardinal Health masks like the ones taken by LUCAS are currently being advertised for purchase online for prices ranging from $2.50 to $39.99 per box. The median price of boxes I was able to find online for sale was $9.24. While several of these sites indicate that these masks are currently sold out or unavailable at this time, others indicate that they are currently available for purchase.

///
///
///
///
///
///
///
///
///
///
///
///
///

---

[1] See https://www.amazon.com/best-sellers-industrial-scientific-medical-face-masks/zgbs/industrial/8404646011, accessed March 31, 2020.

## CONCLUSION

13. Based on the foregoing facts and evidence, I believe probable cause exists to lead a reasonable and prudent person to believe Peter LUCAS violated Title 18, United States Code, section 669, Theft or Embezzlement in connection with health care. LUCAS took U.S. Government property entrusted into his care and embezzled said property with the intent to permanently deprive the legal owner of the property.

I declare under the penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Larry Lee Kidd Jr. Detective
Veterans Affairs Police Department
Badge #1327

SUBSCRIBED and SWORN to before me
on this 6th day of April 2020.

HONORABLE CARLA L. BALDWIN
UNITED STATES MAGISTRATE JUDGE